**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

SAMANTHA BERRYMAN                                                      PLAINTIFF


v.                                    4:26-cv-00161-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration                                        DEFENDANT


**MEMORANDUM AND ORDER**


**I.     INTRODUCTION**

Before the Court is the Commissioner of Social Security's Motion for Reconsideration (Doc. No. 12) of this Court's denial of the Motion to Dismiss for Failure to State a Claim. (Doc. No. 9.) The Commissioner moves to dismiss arguing that Plaintiff's Complaint was untimely filed. Plaintiff responded to the initial Motion to Dismiss. (Doc. No. 10.) Additionally, the Court held a telephone hearing and heard arguments from the parties. (Doc. No. 15.) After careful consideration of the pleadings and arguments in this matter, for the following reasons, the Commissioner's Motion for Reconsideration is GRANTED and the Motion to Dismiss is GRANTED.

**II.    BACKGROUND**

Plaintiff's claim for benefits under Title XVI of the Social Security Act was denied by an Administrative Law Judge (ALJ) on April 29, 2025. (Doc. No. 9-1 at 3.) Plaintiff sought review of this decision by the Appeals Council and on December 1, 2025, the Appeals Council denied Plaintiff's request for review. (*Id.* at 29.) Thus, the ALJ's decision became final and allowed Plaintiff to seek judicial review. (*Id.* at 2.) The notice of the Appeals Council's decision was sent to Plaintiff on the same day. Plaintiff received the notice on December 10, 2025. (Doc. No. 10-1

at 1.) The notice sent to Plaintiff and her counsel provided instructions on how to seek judicial review:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).
- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

 (*Id.* at 2.)

So, the clock for Plaintiff to file began to run on December 11, 2025, one day after she received the letter. To have been timely, Plaintiff's Complaint should have been filed by February 9, 2026 – 60 days later. However, Plaintiff filed it two days late on February 11, 2026. (Doc. No. 2.) Plaintiff did not seek an extension from the Appeals Council. (Doc. No. 9-1 at 3.)

## III.  ANALYSIS

The Commissioner moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief could be granted. He submits that "Congress prescribed the procedures and conditions for the judicial review" of the Commissioner's final decisions under 42 U.S.C. § 405(g). (Doc. No. 9 at 3.) It states in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. 405(g) (emphasis added.)

The Commissioner argues, "Plaintiff's complaint fails to state a claim upon which relief can be granted because she did not file her complaint within 60 days after her presumptive receipt of

the Appeals Council's notice, and the Commissioner did not allow further time." (Doc. No. 9 at 4.) By the Commissioner's calculations, Plaintiff had 65 days from December 1, 2025, to file and, therefore, the complaint should have been filed by February 4, 2026. (*Id.*) Thus, the Commissioner argues, Plaintiff's Complaint must be dismissed because it was filed February 11, 2026, and is, therefore, untimely.

Plaintiff initially argued that Fed. R. Civ. P. 5(b)(2)(C) governed and that "documents served by mail are deemed to be served as of the date they are mailed." (*Id.*)  I granted Plaintiff relief based on this argument.  But the Commissioner spying my error sought reconsideration because that is not the correct Rule to apply here.

The Commissioner correctly argues, "the mailbox rule only applies to prisoners, and as a non-prisoner, Plaintiff was not entitled to the operation of the mailbox rule." (Doc. No. 12 at 2.) He continues, "this case is governed by Fed. R. Civ. P. 5(d)(2) regarding 'Filing,' which explicitly states that a paper not filed electronically is filed by delivering it to the clerk or to a judge." (*Id.* at 3.)

At the telephone hearing, Plaintiff and the undersigned judge conceded that the Commissioner was right and Rule 5(d)(2) controls.  It states "[a] paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Therefore, Plaintiff's complaint was filed two days late on February 11, 2026, the day it was delivered to the Clerk, not the day Plaintiff placed it in the mail.

So, the matter hinges on whether Plaintiff can justify any circumstances to justify equitable tolling of the 60-day period.  In *Bowen v. City of New York*, 476 U.S. 467 (1986), the Supreme Court held "Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear

3

intention to allow tolling in some cases. While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" 476 U.S. 467 at 480 (internal citations omitted). Additionally, the Court held that "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose'" and is "nowhere eschewed by Congress." *Id.* (internal citations omitted).

A litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Thompson v. Commissioner of Social Security Administration*, 919 F.3d 1033, 1036 (8th Cir. 2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). And to establish the second prong the plaintiff must show "the circumstances that cause a litigant's delay are both extraordinary and beyond its control." *Thompson*, 919 F.3d 1037.

The Eighth Circuit has also held that "[g]enerally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (citing *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir. 1984)). And "[e]quitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Id.* (citing *Wong v. Bowen*, 854 F.2d 630, 631 (2nd Cir. 1988)). Finally, equitable tolling is "unavailable" in a case that "'is at best a garden variety claim of excusable neglect.'" *Thompson*, 919 F.3d 1037 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, Plaintiff fails at prong two.[1] Plaintiff has not shown any such circumstances that were either extraordinary or beyond her control. During the hearing, Plaintiff's counsel alluded to the Court being closed for winter weather for an entire week at the end of January. However, the Court reopened on February 2, 2026 - well before Plaintiff's deadline to file. Plaintiff's counsel also stated there were issues with the United States Postal Service and mail not being delivered. But Plaintiff's counsel was aware of the weather events and took no precautionary measures to ensure the Complaint was filed in a timely manner.

The Commissioner pointed out at the hearing, and I agree, given the tight timeline Plaintiff had a multitude of other options including mailing the complaint overnight through a different mail carrier, faxing the complaint to the Clerk's office, or driving the complaint and filing it in person.

Additionally, Plaintiff states in her response to the Motion to Dismiss that "the [Motion] is surprising given the fact [opposing counsel] requested an unopposed Motion for Extension dated April 13, 2026, as they led us to believe they were working on preparing the transcript in this case, not delaying to compile a Motion to Dismiss, which was misleading to the undersigned." (Doc. No. 10 at 3.) To the extent that Plaintiff is attempting to establish grounds for equitable tolling to apply because she was misled by the government, this argument likewise fails. Requesting an extension does not at all equate to the government "hinder[ing] [Plaintiff's ability] to exercise her rights by acting in a misleading or clandestine way." *Turner,* 862 F.2d 710 (8th Cir. 1988).

After careful consideration of the pleadings and arguments made at the hearing in this matter, I find Plaintiff failed to timely file her Complaint as required under 42 U.S.C. 405(g). Furthermore,

---

[1] I note that Plaintiff's counsel has two other cases facing dismissal on the same grounds. *See* Case No. 2:26-cv-00016-BSM-PSH and No. 4:26-cv-00341-PSH.

I agree with the Commissioner that equitable tolling is not appropriate. This case is not one "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. 467 at 480 (internal citations omitted). Therefore, the Complaint must be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that the Commissioner's Motion for Reconsideration (Doc. No. 12) is GRANTED and the Commissioner's Motion to Dismiss (Doc. No. 9) is GRANTED. Plaintiff's Complaint (Doc. No. 2) is dismissed without prejudice.

DATED this 25th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

6